**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                          Case No.:    3:18-cr-148-J-32PDB

DARRYL BRADSHAW

_____/

## ORDER

This case is before the Court on Defendant Darryl Bradshaw's Motion for Home Confinement (Doc. 50), which the Court also construes as a motion for compassionate release. Defendant is a 49-year-old inmate incarcerated at Coleman Low FCI, serving a 36-month term of imprisonment for conspiracy to distribute 40 grams or more of fentanyl and acetyl fentanyl. (Doc. 45, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on April 6, 2021. Defendant seeks a reduction in sentence under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), because of the Covid-19 pandemic and because he claims to suffer from diabetes and high blood pressure.

The United States opposes the Motion. (Doc. 52). To the extent Defendant seeks release to home confinement, the United States argues that the BOP has exclusive jurisdiction to decide whether to transfer an inmate to home detention. To the extent Defendant seeks compassionate release, the United

1

States opposes the Motion because Defendant did not exhaust his administrative remedies, because he has not demonstrated extraordinary and compelling circumstances, because the BOP is taking significant measures to respond to the Covid-19 crisis, and because the § 3553(a) factors do not support a reduction in sentence. Defendant did not file a reply brief.

To the extent Defendant requests that the Court order home confinement, the Court cannot grant such relief because the BOP has exclusive discretion to decide which prisoners to place in the home confinement program. See United States v. Alvarez, No. 19-cr-20343-BLOOM, 2020 WL 2572519, at *2 (S.D. Fla. May 21, 2020); United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (a district court lacks jurisdiction to grant a request for home confinement under the Second Chance Act). As such, the Court cannot second-guess BOP's decision not to transfer an inmate to home confinement.

To the extent Defendant seeks compassionate release, the Court cannot grant such relief because Defendant has not attempted to exhaust his administrative remedies. As amended by the First Step Act of 2018, § 3582(c) provides in relevant part:

> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of

probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction

…

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A); see also U.S.S.G. § 1B1.13. A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate).

The United States asserts that Defendant "has not sought – much less exhausted his administrative remedies." (Doc. 52 at 1; see also id. at 10). Defendant does not contend that he has submitted a request for compassionate release to the warden of his facility. (See Doc. 50). The compassionate release statute "says a 'court may not' grant relief without complying with the exhaustion requirement, 18 U.S.C. § 3582(c), and thus operates as an 'unyielding procedural requirement[ ].'" United States v. Alam, 960 F.3d 831, 834 (6th Cir. 2020) (quoting United States v. Dowl, 956 F.3d 904, 908 (6th Cir. 2020)). As the Third Circuit Court of Appeals recently held, Covid-19 does not

permit courts to disregard the statute's exhaustion requirement. <u>United States v. Raia</u>, 954 F.3d 594, 597 (3d Cir. 2020). "Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical— importance." <u>Id.</u>; <u>see also Alam</u>, 960 F.3d at 833-36 (rejecting the argument that courts can create equitable exceptions to the compassionate release statute's exhaustion requirement). Because Defendant does not assert – or provide evidence that – he has attempted to exhaust his administrative remedies, he is not eligible for a sentence reduction at this time.

Accordingly, Defendant's Motion for Compassionate Release (Doc. 50) is **DENIED WITHOUT PREJUDICE** subject to renewal upon satisfying § 3582(c)(1)(A)'s exhaustion requirement. To the extent Defendant seeks release to home confinement, the Motion is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 31st day of July, 2020.

TIMOTHY J. CORRIGAN
United States District Judge

lc 19

Copies:
Counsel of record
Defendant